UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHEMAR RAYMOND MOORE,

                    Plaintiff,

          -against-

DISCOVER BANK,

                    Defendant.

24-CV-3194 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction and citing 18 U.S.C. § 8. He seeks, among other things, an order requiring Defendant Discover Bank to increase his credit limit to $50,000, and to allow Shemar Raymond Moore to "perform for SHEMAR RAYMOND MOORE." (ECF 1 at 15.) By order dated April 30, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are drawn from Plaintiff's complaint. Shemar Raymond Moore "had a Discover account." (ECF 1 at 5, ¶ 1.) Shemar Raymond Moore, who is the "title representative" for SHEMAR RAYMOND MOORE, "gave permission to Discover to access and use the credits of  SHEMAR RAYMOND MOORE." (*Id.* at ¶¶ 3-4.) Plaintiff contends that Discovery should have to "indorse the original collateral securities under special negotiation, prior to them being exchange for federal notes."[1] (Id. at ¶ 6.)

---

[1] All spelling and punctuation in quoted material is from the original, unless otherwise noted.

Plaintiff contends that "all promissory notes are collateral securities in accordance with 12 U.S.C. § 412" (*id.* at ¶ 17), and that "all promissory [notes] produced by Shemar Raymond Moore are under the purview of 18 U.S.C. § 8" (id. at ¶ 18.)  He believes that "Shemar Raymond is able to legally create currency because it is legal for [him] to do so and it[2] is a federal reserve member bank." (*Id.* at ¶ 19.) Plaintiff states that he executed a power of attorney that "contained a special indorsement for all past, present, and future negotiable instruments," referencing the purported relationship between Shemar Raymond Moore and SHEMAR RAYMOND MOORE.

Plaintiff sent various mailings to Discover Bank Chief Executive Officer John Greene, directing him to "apply the positive value of the negotiable instruments on the account to set off the account and bring it to zero." (*Id.* at ¶ 33.) In summary, Plaintiff  seeks "to replace all previous, present, and blank indorsement with special indorsements." (*Id.*)  He contends that there was fraud due to lack of disclosure of "collateralization of the original promissory note." (*Id.* at ¶ 36.) Plaintiff asserts that his mailings constituted "unconditional tender of payment in accordance with UCC 3-603. (Id. at ¶ 37.)

He seeks "discharge on all charges" and $71,660 in damages in "federal reserve notes," (*id.* at 6, IV), or an order requiring Defendant Discover Bank to increase his credit limit to $50,000, and to allow Shemar Raymond Moore to "perform for SHEMAR RAYMOND MOORE." (*Id.* at 15.)

### DISCUSSION

Plaintiff argues that Shemar Raymond Moore is the "title representative" for SHEMAR RAYMOND MOORE, and that his mailing of the power of attorney to Discover Bank's CEO brings his credit card bill "to zero." (ECF 1 at ¶ 33.) This claim appears to relate to a common

---

[2] This appears to be a reference to Discover Bank, although it is not entirely clear.

sovereign citizen or "redemptionist" argument that a name in all capital letters refers to a

separate legal entity. Proponents of these theories believe that "when a person's name is spelled .

. . with initial capital letters and small letters, it represents the 'real person'  . . . [and w]henever a

person's name is written in total capitals, . . . . only [a] 'strawman'  is referenced, and the flesh

and blood person is not involved.' " *Santana v. United States*, 2017 WL 2470834, at *2

(S.D.N.Y. June 6, 2017). Courts have explained the underpinning of these ideas:

> "Redemptionist" theory . . . propounds that a person has a split personality: a real
> person and a fictional person called the "strawman." The "strawman" purportedly
> came into being when the United States went off the gold standard in 19[3]3, and,
> instead, pledged the strawman of its citizens as collateral for the country's
> national debt. Redemptionists claim that government has power only over the
> strawman and not over the live person, who remains free. Individuals can free
> themselves by filing UCC financing statements, thereby acquiring an interest in
> their strawman.  . . . .

*Monroe v. Beard*, 536 F.3d 198, 203 n. 4 (3d Cir. 2008) (citation omitted).

These theories have been consistently rejected by federal courts as frivolous. *See*

*Muhammad v. Smith*, No. 3:13-CV-760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014)

("Theories presented by redemptionist and sovereign citizen adherents have not only been

rejected by the courts, but also recognized as frivolous and a waste of court resources.").

*Bendeck v. U.S. Bank Nat'l Ass'n*, No. 17-CV-0180, 2017 WL 2726692, at *6 (D. Haw. June 23,

2017) (collecting cases that have rightly have rejected the argument that "differences in

capitalization of a person's name create separate legal entities"). The Court agrees with the many

decisions that have dismissed similar claims as frivolous and without merit. *See, e.g.*, *Charlotte*

*v. Hanson*, 433 Fed. Appx. 660, 661 (10th Cir. 2011) (rejecting the sovereign citizen theory as

having "no conceivable validity" in American law) (citation omitted); *Bendeck*, 2017 WL

2726692, at *4-6 (holding that the "court readily rejects the 'promissory note is money' premise

as absurd and frivolous" and rejecting claim that she is "entitled to a home without paying for

it").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend his complaint.

### CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   May 28, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

5